Lee R. HENDRIX, Appellant,

v.

Tracy A. HAND, Warden, Kansas State Penitentiary, Appellee.

No. 7075.

United States Court of Appeals Tenth Circuit.

Dec. 11, 1962.

---

John C. Humpage and Leonard W. Pipkin, Jr., Topeka, Kan., for appellant.

Park McGee, Asst. Atty. Gen., of Kansas (William M. Ferguson, Atty. Gen., of Kansas, was with him on the brief) for appellee.

Before BRATTON, LEWIS and SETH, Circuit Judges.

BRATTON, Circuit Judge.

This proceeding in habeas corpus was instituted in the United States Court for Kansas by Lee R. Hendrix, hereinafter referred to as petitioner, to secure his discharge from further confinement in the penitentiary of Kansas. The petition was denied and petitioner appealed.

The effort to obtain the writ had its source in this background. An indictment was returned against petitioner in the District Court of Atchison County, Kansas, charging him with the offenses of burglary and larceny. Petitioner filed in the case a petition for a change of venue and an affidavit of prejudice and bias on the part of the presiding judge of the court. The venue was not changed and the judge continued to act. The jury found petitioner guilty. After return of the verdict and before imposition of sentence, the state adduced evidence before the court showing that petitioner had been previously convicted of two felonies the punishment of which was confinement in the penitentiary. Petitioner was sentenced to imprisonment for a term of thirty years under G.S. 1949, §§ 21–107a, 21–523. And the judgment was affirmed. State v. Hendrix, 188 Kan. 558, 363 P.2d 522.

The substance of the primary contention urged for reversal of the order denying the petition for the writ is that the judge who presided at the trial of the criminal case in the state court was prejudiced against petitioner and that therefore the rights of petitioner under the fifth and fourteenth amendments to the Constitution of the United States were prejudiced. The basis for the assertion of prejudice on the part of the judge was a written statement signed by the judge and the county attorney and filed in the criminal case. The pertinent parts of the statement and the circumstances under which it was made and filed were stated in State v. Hendrix, supra, and need not be set out here. The statement was not introduced in evidence in the trial of the criminal case and there is no suggestion that any members of the jury knew of its existence. The Constitution of the United States guarantees to a defendant in a criminal case due process of law. Irvin v. Dowd, 366 U.S. 717, 81 S.Ct. 1639, 6 L.Ed.2d 751. But in a case of this kind in which the asserted violation of due process is bottomed upon prejudice of the trial judge, it is not essential that the judge be totally ignorant of the facts and issues involved, or that he be completely without any impression or opinion relating in a general way to the case. Compare, Irvin v. Dowd, supra. Denial of due

process in the trial of a criminal case in the state court sufficient to constitute an impingement of rights to a fair trial within the meaning of the Constitution of the United States justifying federal court interference is "the failure to observe that fundamental fairness essential to the very concept of justice." Lisenba v. California, 314 U.S. 219, 236, 62 S.Ct. 280, 86 L.Ed. 166; Chavez v. Dickson, 9 Cir., 280 F.2d 727. And making appropriate application of such test in the ordinary case of this kind a United States Court will refuse to grant habeas corpus if it is satisfied from the record as a whole that the state courts gave fair consideration to the issues, reached a satisfactory result, and protected the rights of the petitioner under the Constitution of the United States. Ramsey v. Hand, C.A.10, 309 F.2d 947, not yet officially reported.

■ A copy of the abstract in the criminal case was part of the record on appeal in the Supreme Court of Kansas. It contained verbatim the testimony and rulings throughout the trial. Such copy was filed as a part of the record in this case. In its written opinion in this case, the court found in substance that such abstract was devoid of anything which would support a suspicion of prejudice on the part of the trial judge, and that there was nothing in his conduct which could have given the jury a suspicion that he was prejudiced against petitioner or thought him guilty. Petitioner does not challenge that finding by pointing to anything which occurred during the trial of the criminal case. He premises his contention of prejudice with resulting impingement of his constitutional rights solely on the statement filed in the criminal case before the trial began. The mere signing of the statement in advance of the trial, standing alone and without more, was not sufficient to the establishment of any infringement of the right of petitioner to a fair trial within the meaning of due process.

Affirmed.