**W. D. NOLEN, Appellant,**

v.

**Lawrence E. WILSON, Appellee.**

No. 20984.

United States Court of Appeals
Ninth Circuit.

Feb. 1, 1967.

---

W. D. Nolen, in pro. per.

Thomas C. Lynch, Atty. Gen., of Cal., John T. Murphy, Frank C. Damrell, Jr., Albert W. Harris, Jr., Robert R. Grannucci, Jennifer F. Bain, Deputy Attys. Gen., San Francisco, Cal., for appellee.

Before HAMLIN, JERTBERG and MERRILL, Circuit Judges.

HAMLIN, Circuit Judge.

In 1963, W. D. Nolen, appellant herein, was convicted by a jury in the Superior Court of Alameda County, California, of first degree robbery, a violation of California Penal Code § 211. He is now serving his sentence in the California State Prison at San Quentin. His conviction was affirmed on appeal by the California District Court of Appeal in an unpublished opinion, People v. Nolen, 1 Crim. 4385, June 16, 1964. During his arraignment, plea, trial and appeal, he was represented by counsel.

On March 25, 1966, appellant filed an application for a writ of habeas corpus in the United States District Court for the Northern District of California, Southern Division, raising substantially the same legal issues presented to the California court on direct appeal. The application was denied by the district court and thereafter a certificate of probable cause and permission to appeal in forma pauperis was granted.

Appellant raises seven issues on appeal. He contends that during his trial (1) there was deliberate misconduct by the district attorney; (2) the court erred in denying his motion to exclude certain evidence; (3) the court erred in failing to grant a mistrial and to admonish the jury concerning the handling of an exhibit; (4) he was improperly cross-examined; (5) certain comments of the trial judge concerning the effect of an admission by a co-defendant was error; (6) the testimony of an accomplice was not sufficiently corroborated; and (7) the evidence was insufficient to support the verdict. All of these contentions were determined adversely to appellant in a carefully written opinion of the District Court of Appeal, supra.

Appellant contends that each of the claimed errors at the trial was a violation of his constitutional right to due process of law. We do not agree.

█ Denial of due process within the meaning of the Constitution of the United States in the trial of a criminal case in a state court sufficient to justify federal court interference is "the failure to observe that fundamental fairness essential to the very concept of justice." Lisenba v. People of State of California, 314 U.S. 219, 236, 62 S.Ct. 280, 290, 86 L.Ed. 166. Hendrix v. Hand, 312 F.2d 147 (10th Cir. 1962); Chavez v. Dickson, 280 F.2d 727 (9th Cir. 1960). "[I]n the ordinary case of this kind a United States Court will refuse to grant habeas corpus if it is satisfied from the record as a whole that the state courts gave fair consideration to the issues, reached a satisfactory result, and protected the rights of the petitioner under the Constitution of the United States." Hendrix v. Hand, supra, 312 F.2d at 149.

█ Respecting appellant's first contention, the record shows that the prosecutor asked appellant on cross-examination about a gun in the glove compartment of a car driven by appellant after the robbery in question. The gun was not the one used in the robbery. No adequate objection was made concerning this examination and the motion of appellant's counsel to strike certain of the testimony was granted. Thereafter, appellant without objection volunteered that he had placed a gun in a purse in the automobile. The District Court of Appeal stated that the prosecutor's cross-examination was improper. However, "the fact that a trial court error is prejudicial to defendant [does not] necessarily transform an otherwise fair trial into one which offends Fifth Amendment due process. It does not do so unless it has the effect of converting what was otherwise a fair trial into one which is repugnant to an enlightened system of justice." Vandergrift v. United States, 313 F.2d 93 (9th Cir. 1963). In view of the circumstances concerning this testimony we hold that there was neither prejudicial error nor fundamental unfairness to appellant.

█ The other contentions of appellant have been carefully examined and are without merit. The evidence alleged to be erroneously admitted in point two was a gun identified by a witness as having been used in the robbery. It was properly admitted.

█ This gun was unloaded at the bailiff's desk in court during the trial.[1] Some days later during the trial appellant claimed that the unloading of the gun was prejudicial and moved to admonish the jury to disregard it. After a conference in chambers the court refused to give such admonition unless there was evidence introduced as to whether or not the gun was loaded when it came into possession of the authorities. Appellant and his counsel refused to consent to the introduction of such evidence, and the court refused to give the admonition. We see no error in this procedure.

█ Appellant's contention number four is essentially the same as his contention number one. The basis of appellant's contention number five is that while a witness for the prosecution was being examined as to statements made by a co-defendant the testimony of the witness established that in these statements the co-defendant implicated the appellant. At the suggestion of appellant's counsel the court instructed the jury that the statements were offered only against the co-defendant and were not to be considered as any evidence against appellant. The District Court of Appeal held that the trial court had properly advised the jury of the limitation of the testimony. We agree.

██ In contention number six appellant states that the testimony of an accomplice was not sufficiently corroborated as required by the California Penal Code. The record shows that there was ample corroboration of this accomplice. There was no denial of due process. Cf. Lisenba v. People of State of California, supra. It also may be pointed out that

---

1. No objection or request for admonition was made at this time.

under the federal rule the testimony of an accomplice need not be corroborated.

 Appellant's last contention equally has no merit. Witnesses positively identified him as having been the holdup man at the time of the robbery. Due process is denied only when there is a complete lack of evidence, Thompson v. City of Louisville, 362 U.S. 199, 80 S.Ct. 624, 4 L.Ed.2d 654. Obviously, there was sufficient evidence in this case to satisfy the due process standard.

 A consideration of the entire case indicates there was no lack of due process during appellant's trial and that there was no failure to observe fundamental fairness essential to the very concept of justice. Lisenba v. People of State of California, supra.

Judgment affirmed.