**UNITED STATES of America,**
**Plaintiff-Appellee,**

v.

**Jong Moon LIM, Dong Joon Ahn, Chul Ko, Defendants-Appellants.**

Nos. 84–5204, 84–5206 and 84–5210.

United States Court of Appeals,
Ninth Circuit.

Argued June 5, 1985.

Submitted Nov. 6, 1985.

Decided July 14, 1986.

Lynne R. Lasry, Asst. U.S. Atty., San Diego, Cal., for plaintiff-appellee.

Craig E. Weinerman, Kenneth D. Noel, San Diego, Cal., Frederick W. De Lisio, Santa Ana, Cal., for defendants-appellants.

Before SCHROEDER and FLETCHER, Circuit Judges, and BURNS,* District Judge.

PER CURIAM.

Appellants Lim, Ahn, and Ko, appeal their convictions for conspiracy to defraud the United States in violation of 18 U.S.C. § 371 by exporting cartridge casings without complying with applicable government regulations on the export of munitions materials. Lim also appeals his conviction for visa fraud. Appellants were jointly tried, and they raise a number of claims of error in the proceedings.

All three appellants speak Korean. The only claims meriting serious attention are their claims of denial of statutory and constitutional rights to an interpreter.

A criminal defendant who relies principally upon a language other than English has a statutory right to a court-appointed interpreter when his comprehension of the

* Honorable James M. Burns, United States District Judge, District of Oregon, sitting by desig-

proceedings or ability to communicate with counsel is impaired. 28 U.S.C. § 1827(d)(1). In addition, several circuits have held that a defendant whose fluency in English is so impaired that it interferes with his right to confrontation or his capacity, as a witness, to understand or respond to questions has a constitutional right to an interpreter. *United States ex rel. Negron v. New York,* 434 F.2d 386, 389 (2d Cir.1970); *see United States v. Martinez,* 616 F.2d 185, 188 (5th Cir.1980) (per curiam), *cert. denied,* 450 U.S. 994, 101 S.Ct. 1694, 68 L.Ed.2d 193 (1981); *United States v. Carrion,* 488 F.2d 12, 14 (1st Cir.1973) (per curiam), *cert. denied,* 416 U.S. 907, 94 S.Ct. 1613, 40 L.Ed.2d 112 (1974).

The entitlement to interpreters under the statute for all but Ahn is acknowledged in this case. Accordingly, our concerns are with the adequacy of the interpretation furnished. The requirements of the Act are satisfied in a criminal case if an interpreter is by the defendant's side "continuously interpreting the proceedings." *United States v. Tapia,* 631 F.2d 1207, 1209 (5th Cir.1980). Because the defendants may not have received continuous interpretation, we must address whether the purposes of the Act were adequately met.

From the record of the original trial, it was very difficult to determine whether any lack of interpreter's assistance affected the ability of any of the defendants to understand the proceedings or communicate with counsel. Accordingly, we remanded the matter to the district court for further findings and appropriate further evidentiary proceedings, 767 F.2d 935. Upon our review of the supplemental record, the district court's supplemental findings and the original record, we affirm the convictions.

The record as augmented upon remand demonstrates conclusively that the defendant Ahn communicated well in English and had no primary reliance on a foreign lan-

nation.

guage. The district court on remand so found. Ahn has not challenged that finding. Accordingly, the only remaining contentions concerning the lack of an interpreter are those of defendant Lim, in which defendant Ko joins to some extent. The district court found that Lim's ability to understand the proceedings and to communicate with his counsel were not impaired by the way the interpreters were used at trial. These are factual findings reviewed under the clearly erroneous standard. *See United States v. McConney,* 728 F.2d 1195, 1200 (9th Cir.) (en banc), *cert. denied,* —— U.S. ——, 105 S.Ct. 101, 83 L.Ed.2d 46 (1984).

■ The finding that Lim's ability to understand the proceedings was not affected is not clearly erroneous. A court appointed interpreter was present at trial at all times. During most of the periods of the trial when a witness needed assistance from an interpreter, two court appointed interpreters were present: one to interpret the witness' testimony and the other to assist the defendants Lim and Ko. Defendant Lim also had his own interpreter who was present throughout the trial.

On three occasions the court "borrowed" a court interpreter from the defense table in order to assist a witness. On two of those occasions, however, the second court interpreter was present and able to sit at the defense table with Mr. Lim and Mr. Ko. The district court's finding that there was no interference with their ability to understand the proceedings or to communicate with counsel is not clearly erroneous. On the third occasion, which occurred during the testimony of Mr. Kun Kim, there was no second court interpreter present at the defense table. However, the court interpreter used a microphone, there was no objection at the time of trial, and no direct evidence was submitted at the supplemental hearing to indicate that there was any particular portion of the original trial that the defendants could not actually understand.

The finding that the defendants' ability to communicate with counsel was not impaired is also not clearly erroneous. The record reflects that the interpreter sat between defendants Lim and Ko, on one arm of an L-shaped counsel table arrangement. The defense counsel sat on the other arm several feet away. Communication with counsel during trial was by means of notes. The arrangement was chosen by defendants and their counsel, not by the court. Mr. Lim's own interpreter was used to communicate with counsel during breaks or recesses in the trial.

There was therefore no loss of oral communication between counsel and client during the testimony of Mr. Kun Kim, because counsel and defendants were seated apart and communicated, when they wished to do so, by notes or during recesses. Mr. Lim's interpreter was present in the courtroom at all times and there is no indication that Lim ever wished to communicate with his counsel during the Kim testimony.

We affirm the district court's findings. As long as the defendants' ability to understand the proceedings and communicate with counsel is unimpaired, the appropriate use of interpreters in the courtroom is a matter within the discretion of the district court. *See United States v. Coronel-Quintana,* 752 F.2d 1284, 1291 (8th Cir. 1985). The district court did not abuse its discretion in its use of the interpreters in this case.

Lim also suggests that the Court Interpreters Act, 28 U.S.C. § 1827(f)(1) was violated because there was no express waiver of the statutory right to interpretation created by the Act. The waiver provision provides:

Any individual ... who is entitled to interpretation under subsection (d) of this section may waive such interpretation in whole or in part. Such a waiver shall be effective only if approved by the presiding judicial officer and made expressly by such individual on the record after opportunity to consult with counsel and after the presiding judicial officer has explained to such individual, utilizing the services of the most available certified

interpreter, ... the nature and effect of the waiver.

The difficulty with appellants' position is that there was no need for a waiver, because the proceedings never lacked an interpreter. Not only was at least one court interpreter present during the entire trial, but often two court interpreters were available. Still a third private interpreter hired by the appellant Lim was also present. Under the circumstances of this case, neither due process principles nor statutory safeguards were violated when the court, in the interests of efficiency and fairness, temporarily stationed a court interpreter at the side of the witness rather than at the side of the defendant.

The remainder of the defendants' contentions may be dealt with summarily. The defendants argue that the court erred in giving an instruction, which they originally proposed, on the object of the conspiracy. They contend that the government changed its theory during the course of the case, and that therefore the instruction impermissibly broadened the indictment. The instruction, however, was fully consistent with the government's theory of the case throughout the trial and consistent with the charges in the indictment.

The district court did not err in refusing to instruct the jury to convict the defendants of conspiracy only if it found that they knowingly disregarded a demilitarization requirement. The court did not instruct the jury on attempting to evade demilitarization requirements, knowingly or unknowingly. It focused solely on defendants' attempts to evade the export license requirements.

The district court did not abuse its discretion in refusing to admit a federal regulation into evidence. There was also no abuse of discretion in the admission of evidence of Ahn's flight.

■ There was no abuse of discretion in admitting into evidence Lim's visa application. Lim's counsel stipulated that Lim signed the visa application. The government introduced sufficient evidence to sup-port a finding that the exhibit was authentic. *See United States v. Kaiser,* 660 F.2d 724, 733 (9th Cir.1981), *cert. denied,* 455 U.S. 956, 102 S.Ct. 1467, 71 L.Ed.2d 674 (1982). The evidence was sufficient as to all defendants.

Affirmed.