962 F.2d 15
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Sergio MUNOZ-PATINO, Defendant-Appellant.
 No. 89-50468.
 United States Court of Appeals, Ninth Circuit.
 Submitted Feb. 19, 1992.*
Decided April 23, 1992.
 
 Before KILKENNY, GOODWIN and FERGUSON, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Sergio Munoz-Patino appeals from his conviction on several counts of violating federal narcotics laws, arguing that there was insufficient evidence to support his conviction on those counts involving the commission of a drug offense within 1,000 feet of a school, and that he was denied a fair trial because the interpreter failed to translate a tape recording played to the jury. We reject these contentions and affirm.
 
 
 3
 Munoz-Patino first argues that 21 U.S.C. § 845a(a) creates a separate offense, and the government's failure to prove one of the elements of that offense (viz., that the substantive crime occurred within 1,000 feet of a school) requires reversal of his conviction on counts 14-16. We find no merit to this contention.
 
 
 4
 The record shows that Munoz-Patino (1) consented to the prosecutor's proposal at the beginning of trial that the government need not prove this element until sentencing, (2) did not object during trial to the government's failure to prove this element, (3) did not file a motion for judgment of acquittal based on this failure of proof, and (4) did not object to the district court's finding on this point at sentencing. Based on this record, we hold that Munoz-Patino failed to establish plain error on this issue. See United States v. Hernandez, 876 F.2d 774, 777 (CA9) (during trial), cert. denied, 493 U.S. 863 (1989); United States v. Potter, 895 F.2d 1231, 1238 (CA9) (at sentencing), cert. denied, 110 S.Ct. 3247 (1990).
 
 
 5
 Munoz-Patino's argument concerning the untranslated portions of the recording is also without merit. The prosecutor's examination of the agent, based on the transcript of the recording, involved only those parts of the taped conversation that concerned Munoz-Patino, and Munoz-Patino did not object to the translator's failure to translate the entire recorded conversation. Because there is no indication that Munoz-Patino either lacked the ability to communicate with his attorney or was unable to assist in his own defense as the result of the district court's use of the translator, we find no abuse of the court's discretion on this matter. See United States v. Lim, 794 F.2d 469, 471 (CA9) (per curiam), cert. denied, 479 U.S. 937 (1986).
 
 
 6
 AFFIRMED.
 
 
 
 *
 The members of the panel unanimously find this case to be appropriate for submission on the briefs per FRAP 34(a) and CA9 Rule 34-4
 
 
 **
 This disposition is not suitable for publication and may not be cited to or by the courts of this circuit except as provided by CA9 Rule 36-3