976 F.2d 736
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Hector CASTELLON, Petitioner-Appellant,
v.
Harol WHITLEY; Attorney General for the State of Nevada,
Respondents-Appellees.
 No. 90-15627.
 United States Court of Appeals, Ninth Circuit.
 Submitted Feb. 10, 1992.*
Decided Sept. 17, 1992.
 
 Before CHAMBERS, FARRIS and POOLE, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Hector Castellon, a Nevada state prisoner, appeals pro se the denial of his habeas corpus petition. Castellon was convicted at a jury trial in May, 1984, of murder, robbery, and kidnappying with the use of a deadly weapon. Castellon asserts the district court erred in not holding an evidentiary hearing to determine if Castellon's sixth amendment rights were violated by having to share an interpreter with his co-defendant.
 
 
 3
 We review de novo the denial of a habeas corpus petition. Norris v. Risley, 878 F.2d 1178, 1180 (9th Cir.1989).
 
 
 4
 A criminal defendant has a constitutional right to an interpreter when his "fluency in English is so impaired that it interferes with his right to confrontation or his capacity, as a witness, to understand or respond to questions ..." United States v. Lim, 794 F.2d 469, 470 (9th Cir.1986). We must therefore determine whether, despite the fact that appellant was required to share an interpreter, he nevertheless received adequate translation to preserve his constitutional rights.
 
 
 5
 Here the district court judge, reviewing the record, found no indication that defendant had been prejudiced by sharing an interpreter. Defendant was allowed as many recesses as necessary to confer with his attorney. Under these circumstances an evidentiary hearing was not necessary.
 
 
 6
 Castellon's second assertion is that his conviction should be set aside because the prosecutor knowingly used perjured testimony. The Ninth Circuit has held that a prosecutor's duty is to "refrain from knowingly presenting perjured testimony and from knowingly failing to disclose that testimony used to convict a defendant was false." United States v. Aichele, 941 F.2d 761, 766 (9th Cir.1991). Though there are indications that the witness presented some credibility problems, that credibility was explored in front of the jury. No evidence has been presented that the prosecutor knowingly used perjured testimony.
 
 
 7
 The district court's denial of the habeas corpus motion is affirmed.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a) and Ninth Circuit Rule 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3