990 F.2d 1265
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Ou Sin SAEPHANH, Defendant-Appellant.
 No. 90-10627.
 United States Court of Appeals, Ninth Circuit.
 Submitted March 10, 1993.*
Decided March 17, 1993.
 
 Before WALLACE, Chief Judge, and FARRIS and BRUNETTI, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Ou Sin Saephanh appeals his conviction by guilty plea to importation of opium and possession with intent to distribute opium, in violation of 21 U.S.C. §§ 952 and 841(a)(1). Saephanh contends that his plea was not knowing and voluntary because he was not provided with an adequate translation of proceedings at the time he entered his guilty plea. We have jurisdiction under 28 U.S.C. § 1291 and we affirm.
 
 
 3
 Where, as here, the defendant did not challenge the adequacy of translation during the plea hearing or afterwards by means of a motion to withdraw his plea, we review for plain error the district court's findings that Saephanh understood the plea proceedings and pleaded guilty voluntarily, and its implied finding that the translation was adequate. See Fed.R.Crim.P. 52(b); United States v. Bustillo, 789 F.2d 1364, 1367 (9th Cir.1986).
 
 
 4
 A defendant who relies principally on a language other than English has a statutory right under the Court Interpreters Act to a court-appointed interpreter when his comprehension of the proceedings or ability to communicate with counsel would otherwise be impaired. 28 U.S.C. § 1827(d)(1); United States v. Lim, 794 F.2d 469, 470 (9th Cir.) (per curiam), cert. denied, 479 U.S. 937 (1986). The requirements of section 1827(d)(1) are met if an interpreter is by the defendant's side continuously interpreting the proceedings. Lim, 794 F.2d at 470. If continuous word-for-word translation is not provided, we must determine whether the the translation was adequate to accomplish the purposes of the act. Id.
 
 
 5
 Saephanh's native language is Mien, a Laotian dialect, and he has limited knowledge of English.[1] Prior to his plea hearing, an interpreter read to Saephanh in Mien a plea waiver form that set forth the factual basis for the plea and the rights waived by pleading guilty, including the right to a jury trial and the right to present evidence. The translator noted: "I read this form to the defendant in Mien on August 27, 1990, and he indicated that he understood." Saephanh completed and signed this form on September 5, 1990, when he entered his guilty plea.
 
 
 6
 At the plea hearing, a different interpreter experienced difficulty translating some of the court's questions.[2] The translator's difficulties, together with one or two nonresponsive answers to the court's questions, are the sole support for Saephanh's contention that his guilty plea was not knowing and voluntary.
 
 
 7
 Saephanh stated at the plea hearing that he understood the proceedings, had discussed the case with his attorney, had been advised of his constitutional rights, had not been promised a particular sentence if he pleaded guilty, and was pleading guilty because he had brought opium into the country and did not want to stand trial. His attorney stated that Saephanh had been competent and able to cooperate with him, that they had discussed possible defenses, that he was satisfied that Saephanh's constitutional rights had been observed, and that he had not promised Saephanh a particular sentence. In light of these statements and the fact that the plea waiver form that Saephanh completed and signed had been read to him in Mien before the change of plea hearing, the district court did not plainly err in concluding that, despite the interpreter's difficulties at the hearing, Saephanh was able to understand the proceedings and to communicate with his attorney, and that his plea was knowing and voluntary. Lim, 794 F.2d at 471; see also United States v. Bigman, 906 F.2d 392, 394, n. 1 (9th Cir.1990).
 
 
 8
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Saephanh moved from Laos to a refugee camp in Thailand when he was nine or ten years old. He remained there for approximately eleven years and received some instruction in the Thai language. After he immigrated to the United States in 1987 at the age of twenty-one, he received some instruction in English as a second language in a community college
 
 
 [2]
 When the court asked Saephanh whether he understood that parole had been abolished, the interpreter indicated that he needed to explain the concept of parole to the defendant because there was no word for it in Mien. Also, the translator asked the court to rephrase the following question, because the translator did not understand it:
 THE COURT:
 Do you further understand that you have the right at such a trial to use the power and the process of the court to compel the production of any evidence including the attendance of witnesses in your favor?
 The court repeated the question, but did not rephrase it. The translator made a second attempt to translate this question, and Saephanh replied in the affirmative.