8 F.3d 28
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Edward William MEADERS, Petitioner-Appellant,
v.
Midge CARROLL, Warden, Respondent-Appellee.
 No. 92-15048.
 United States Court of Appeals, Ninth Circuit.
 Submitted Sept. 20, 1993.*
Decided Sept. 29, 1993.
 
 Before: FLETCHER, POOLE, and O'SCANNLAIN, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Edward William Meaders, a California state prisoner, appeals pro se the district court's dismissal of his 28 U.S.C. § 2254 petition for writ of habeas corpus. The district court determined that Meaders was not prejudicially deprived of his right to understand the proceedings against him because of his hearing impairment. We have jurisdiction pursuant to 28 U.S.C. § 2253, and we review de novo. Thomas v. Lewis, 945 F.2d 1119, 1122 (9th Cir.1991). We affirm.
 
 
 3
 Meaders was convicted, following a jury trial, of one count of kidnapping, one count of oral copulation with an accomplice, and one count of rape with an accomplice. Meaders contends that he is deaf and was unable to comprehend or participate in the proceedings at his own trial in violation of his Sixth Amendment right to confront the witnesses presented against him. In his habeas petition, Meaders argues that he is entitled to a new trial in which he can see the face of each witness while they testify and the use of an amplification system.
 
 
 4
 The constitutional guarantee of due process in a criminal trial "is, in essence, the right to a fair opportunity to defend against the State's accusations." Chambers v. Mississippi, 410 U.S. 284, 294 (1973). That guarantee encompasses both the right of a defendant to confront witnesses against him and his right to assist in his own defense. See U.S. Const. amend. VI; Chambers, 410 U.S. at 295; Pointer v. Texas, 380 U.S. 400, 405 (1965). We have held that "a defendant whose fluency in English is so impaired that it interferes with his right to confrontation or his capacity, as a witness, to understand or respond to questions has a constitutional right to an interpreter. United States v. Lim, 794 F.2d 469, 470 (9th Cir.1984), cert. denied, 479 U.S. 937 (1986). As a constitutional matter, the appointment of interpreters is within the trial court's discretion. See United States v. Yee Soon Shin, 953 F.2d 559, 561 (9th Cir.1992), cert. denied, 113 S.Ct. 2933 (1993).
 
 
 5
 Here, Meaders argues that his hearing impairment "reduced [him] to an insensible object, unable to assist or communicate with counsel." In 1986, before trial, the trial court ordered a hearing evaluation. The examiner noted that Meaders' hearing was "socially adequate but still mildly impaired." From the record, we cannot determine what, if anything, the trial court did with the results of the hearing evaluation. Nor can we determine if Meaders' hearing impairment was severe enough to have warranted assistance during his trial. Such determinations are unnecessary; we must determine if Meaders' hearing impairment obstructed his ability to confront witnesses against him and assist in his own defense. See Chambers, 410 U.S. at 295; Pointer, 380 U.S. at 405; Lim, 794 F.2d at 470.
 
 
 6
 The trial transcript shows that Meaders or his attorney complained of Meaders' inability to hear on only two occasions; both times the court acted to ensure that the witness comply with the requests to speak directly into the microphone. Moreover, at no other time did Meaders or his attorney notify the court that Meaders was unable to confront witnesses against him or assist in his own defense; therefore Meaders' failure to object weighs against a finding of abuse of discretion. See Yee Soon Shin, 953 F.2d at 561; cf. Valladares v. United States, 871 F.2d 1564, 1566 (11th Cir.1989) ("Only if the defendant makes any difficulty with the interpreter known to the court can the judge take corrective measures. To allow a defendant to remain silent throughout the trial and then, upon being found guilty, to assert a claim of inadequate translation would be an open invitation to abuse."). Therefore, we conclude that Meaders' hearing impairment did not obstruct his ability to confront witnesses and assist in his own defense. See Chambers, 410 U.S. at 295; Pointer, 380 U.S. at 405; Lim, 794 F.2d at 470.
 
 
 7
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3