**The PEOPLE of the State of Colorado,**
**Plaintiff–Appellee,**

v.

**Carlos OCHOA–MAGANA,**
**Defendant–Appellant.**

**No. 00CA0057.**

Colorado Court of Appeals,
Div. III.

April 26, 2001.

Certiorari Denied Dec. 17, 2001.

Ken Salazar, Attorney General, Laurie A. Booras, First Assistant Attorney General, Cynthia A. Greenfield, Assistant Attorney General, Denver, CO, for Plaintiff–Appellee.

Richard E. Mishkin, P.C., Richard E. Mishkin, Lisa A. Vanderhoof, Lakewood, CO, for Defendant–Appellant.

Opinion by Judge NIETO.

Defendant, Carlos Ochoa–Magana, appeals the trial court's order denying his Crim. P. 35(c) motion seeking post-conviction relief. We affirm.

Defendant, who speaks Spanish, was represented by a deputy public defender. Because the deputy public defender did not speak Spanish, she used a bilingual investigator from her office as a translator when meeting with defendant outside the courtroom.

Pursuant to a plea bargain in which the prosecution agreed to dismiss other charges, defendant agreed to plead guilty to one count of unlawful possession of a schedule II controlled substance with intent to distribute.

A court-appointed Spanish-language interpreter was present at the providency hearing. Because the deputy public defender was also representing a second Spanish-speaking defendant who was to plead guilty that same day to a similar charge in an unrelated case, the trial court, apparently for the convenience of all concerned, decided to consolidate the two providency hearings. Since no witnesses testified at the providency hearing, the interpreter's only duty was to translate any statements by the defendants and translate the proceedings for the defendants.

At the outset of the combined proceeding, the court addressed both defendants:

THE COURT: All right, I'm going to ask each of you some questions now so that I can determine you [sic] make a knowing and intelligent and voluntary plea. If either of you have any questions as I go through this, you should stop me and ask [the deputy public defender representing both defendants]. Will you do that [second defendant]?

SECOND DEFENDANT: Yes.

THE COURT: And, Mr. Ochoa?

DEFENDANT: Yes.

The trial court proceeded to advise defendant accurately concerning the rights he was waiving by pleading guilty, the elements of the offense, the possible penalties including the length of the mandatory parole period,

and the lack of any sentence agreement. Defendant, through the interpreter, verified that he understood each aspect of the court's advisement. The court then accepted defendant's guilty plea.

The record of the sentencing hearing indicates that defendant addressed the court and explained the mitigating circumstances of his offense. Thus, it is evident that an interpreter was present at the proceeding. Since no witness testified at the sentencing hearing, once again the interpreter's only duty was to translate any statements by defendant and translate the proceedings for defendant.

The trial court sentenced defendant to eight years in the custody of the Department of Corrections (DOC) followed by five years of mandatory parole.

Defendant then filed a Crim. P. 35(c) motion. As relevant here, defendant alleged that his plea was not knowingly, voluntarily, and intelligently entered because, at the providency hearing, the trial court had not advised him that the interpreter was available to help him communicate with his attorney. In a related claim, defendant alleged that this inability to communicate with his attorney resulted in ineffective assistance of counsel both at the providency hearing and at sentencing. Finally, defendant alleged that his attorney had misadvised him concerning the possible penalties.

The trial court concluded that defendant's motion was refuted by the existing record and denied the motion without conducting an evidentiary hearing. We perceive no error in the trial court's ruling.

■ A trial court may deny a Crim. P. 35(c) motion without holding an evidentiary hearing if the motion, files, and record of the case clearly establish that the allegations of the motion are without merit and do not warrant post-conviction relief. *White v. Denver District Court*, 766 P.2d 632 (Colo.1988).

■ Providing an interpreter at a criminal proceeding to translate for an indigent non-English speaking defendant can be imperative to the requirements of due process guaranteed by the Fourteenth Amendment. The lack of an interpreter to assist a non-English speaking defendant in attorney-client communication can impair the constitutional right to effective assistance of counsel. However, failure to provide a personal interpreter in addition to an official interpreter who translates the proceedings for the benefit of the court and the record does not inevitably lead to a violation of due process. *People v. Avila*, 797 P.2d 804 (Colo.App. 1990).

Defendant contends that the court was obligated to advise him that the interpreter was available to assist him in communicating with his attorney, and that, because he was not so advised, he did not receive effective assistance of counsel. We are not persuaded.

This appears to be an issue of first impression. Defendant has not cited any appellate court decision to support this proposition, and our own research has not revealed any decision that has so held.

Defendant argues that cases from other jurisdictions support an advisement requirement, because the appellate courts found no denial of the right to counsel where the trial court explicitly made the interpreter available to assist with attorney-client communication. Thus, defendant argues that the defendants in those cases were made aware that the interpreter was available for that purpose.

Defendant relies on *State v. Gonzales–Morales*, 91 Wash.App. 420, 958 P.2d 339 (1998), *aff'd*, 138 Wash.2d 374, 979 P.2d 826 (1999), which held there was no denial of the right to counsel where there was a brief interruption in interpreter services while the interpreter was used to translate the testimony of a witness. He also cites *Castellon v. Whitley*, 739 F.Supp. 526, *aff'd*, 976 F.2d 736 (9th Cir.1992), which held that requiring the defendant to share an interpreter with three other defendants did not deny the defendant effective assistance of counsel where the trial court indicated a willingness to grant recesses to allow counsel to confer with the defendant. However, while recognizing the need to make an interpreter available for attorney-client communication, neither opinion suggests that the court had a duty to advise the defendants concerning the availability of in-

terpreter services for attorney-client communication.

■ Crim. P. 11 does not require that a non-English speaking defendant be advised that he may utilize the interpreter for communication with his attorney. We reject defendant's suggestion that such a requirement should be read into the rule. Although this is not required by the rule, here the trial court's statement at the beginning of the providency hearing encouraging defendant to communicate with his attorney sufficiently apprised defendant that the court interpreter was available to facilitate such communication.

Here, because no witnesses testified at either hearing, the record shows that the interpreter's only duties were to translate the proceedings so defendant could understand them and to translate defendant's statements so he could effectively communicate. The record shows that defendant did not raise any objection at the hearings to the adequacy of the interpreter services provided. The record also does not reveal that defendant suffered any prejudice as a result of the manner in which interpreter services were provided.

Defendant does not assert that the interpreter failed to translate his communications with his attorney, that his attorney refused to use the services of the interpreter to communicate with him, or that it was his understanding that he could not use the interpreter to communicate with his attorney. Neither does defendant assert what communication with his attorney he wanted but could not have, nor how any failure to communicate prejudiced him.

■ Absent a showing that the interpreter refused to translate communications between defendant and his attorney or some other particularized showing of need for a personal interpreter, we conclude that where an interpreter is provided at a providency hearing and at a sentencing hearing, whose only duties are to translate the proceedings for the defendant and translate any statement of the defendant, the requirements of due process are met. We further conclude that where an interpreter is so provided, the trial court has no duty to advise the defendant that he may use the services of the interpreter to communicate with his attorney. While such an advisement would make the record unmistakably clear that the defendant had the opportunity to communicate with his attorney, the fact that the interpreter's only duty was to assist the defendant also makes that conclusion obvious. Requiring an advisement in that circumstance would exalt form over substance.

Accordingly, we uphold the trial court's ruling denying defendant's claim that the interpreter services were inadequate. In light of this conclusion, we also reject defendant's claim of ineffective assistance of counsel premised on his allegation that he was not adequately advised that the interpreter could assist him to communicate with counsel at the providency hearing.

■ Finally, we conclude that defendant's remaining claim that counsel misadvised him concerning the possible penalties, is without merit. Even if defendant's allegations were true, they do not support a claim of ineffective assistance of counsel because the record establishes that the trial court advised defendant accurately regarding the possible penalties and the absence of any sentence stipulation. *See People v. Sudduth*, 991 P.2d 315 (Colo.App.1999)(to the extent that defendant's post-conviction claim of ineffective assistance of counsel was based on an allegation that counsel failed to advise him concerning an aspect of the possible sentence, the claim was properly rejected without a hearing because the record indicated that the trial court correctly advised defendant concerning that aspect of the possible sentence at the providency hearing).

The order is affirmed.

NEY and MARQUEZ, JJ., concur.