**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 12-10429 |
| Plaintiff - Appellee, | D.C. No. 1:07-cr-00316-LJO-SKO |
| v. | |
| XI ANDY LIENG, AKA Andy Lieng, AKA Andy Xi Lieng, Jr., | MEMORANDUM* |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Eastern District of California
Lawrence J. O'Neill, District Judge, Presiding

Argued and Submitted November 5, 2013
San Francisco, California

Before: THOMAS and RAWLINSON, Circuit Judges, and DUFFY, District Judge.**

Xi "Andy" Lieng, a Vietnam native, appeals his jury conviction and sentence

imposed for conspiring to manufacture, distribute and possess with the intent to

---

\*      This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

\*\*      The Honorable Kevin Thomas Duffy, United States District Judge for the
Southern District of New York, sitting by designation.

distribute marijuana, and manufacturing marijuana. We presume the parties' familiarity with the facts of the case and proceedings below. This Court has jurisdiction under 28 U.S.C. § 1291, and we affirm the district court's decision.

## I. The Statutory and Constitutional Right to a Courtroom Interpreter

The use and availability of interpreters in the courtroom is a matter within the trial court's discretion. <u>United States v. Lim</u>, 794 F.2d 469, 471 (9th Cir. 1986). A district court's ruling on the use of a courtroom interpreter should be reversed only for clear error. <u>Gonzalez v. United States</u>, 33 F.3d 1047, 1050 (9th Cir. 1994). The Court Interpreters Act ("CIA") requires that "[t]he presiding judicial officer. . . shall utilize the services of [a] certified interpreter. . . in judicial proceedings instituted by the United States, if the presiding judicial officer determines on such officer's own motion or on the motion of a party that such party (including a defendant in a criminal case). . . speaks only or primarily a language other than the English language." 28 U.S.C. § 1827(d)(1)(A). Lieng made no mention of his difficulty comprehending the proceedings against him until sentencing, and the record reflects he had no difficulty speaking and understanding English. Therefore, we affirm the district court's determination that Lieng did not need the assistance of a courtroom interpreter.

## II. The Four-Level Sentencing Enhancement for a Defendant's Role in the Offense

A district court's four-level leadership adjustment is reviewed for clear error. United States v. Maldonado, 215 F.3d 1046, 1050 (9th Cir. 2000). The United States Sentencing Guideline § 3B1.1(a) provides for a four-level increase in a defendant's offense level "[i]f the defendant was an organizer or leader of a criminal activity that involved five or more participants or was otherwise extensive." U.S.S.G. § 3B1.1(a).

"It is not necessary that the district court make specific findings of fact to justify the imposition of the role enhancement. There must, however, be evidence in the record that would support the conclusion that the defendant exercised [a]. . . level of control." United States v. Whitney, 673 F.3d 965, 975 (9th Cir. 2012) (internal citations omitted). Here, there was evidence that Lieng exerted some level of control over other individuals involved in the criminal enterprise. See United States v. Ingham, 486 F.3d 1068, 1074 (9th Cir. 2007). We thus affirm the district court's decision to apply a four-level sentencing enhancement.

## III. Rule 32 of the Federal Rules of Criminal Procedure

Under Rule 32(i)(3), "[a]t sentencing, the court: may accept any undisputed portion of the presentence report as a finding of fact; [and] must—for any disputed portion of the presentence report or other controverted matter—rule on the dispute or determine that a ruling is unnecessary either because the matter will not affect sentencing, or because the court will not consider the matter in sentencing." Fed. R.

3

Crim. P. 32(i)(3)(A), (B). Because Lieng's objections to the Presentence Report were resolved by the district judge in the government's favor at Lieng's sentencing, Lieng's argument that the district court failed to comply with Rule 32 lacks merit.

## IV. Rule 33 Motion for a New Trial Based on Newly Discovered Evidence

This court reviews a district court's denial of a motion for a new trial based on newly discovered evidence for an abuse of discretion. United States v. Sarno, 73 F.3d 1470, 1488 (9th Cir. 1995). On appeal, "the defendant carries a 'significant burden' to show that the district court abused its discretion in denying a new trial" based on newly discovered evidence. United States v. Endicott, 869 F.2d 452, 454 (9th Cir. 1989) (quoting United States v. Steel, 759 F.2d 706, 713 (9th Cir. 1985)).

Federal Rule of Criminal Procedure 33(a) provides that "[u]pon the defendant's motion, the court may vacate any judgment and grant a new trial if the interest of justice so requires." Rule 33(b)(1) provides that "[a]ny motion for a new trial grounded on newly discovered evidence must be filed within 3 years after the verdict or finding of guilty." All other grounds for a motion for new trial are filed under Rule 33(b)(2) and must be filed within 14 days after the verdict or finding of guilty. In order for a criminal defendant "[t]o prevail on a Rule 33 motion for a new trial based on newly discovered evidence, a defendant must satisfy a five-part test: '(1) the evidence must be newly discovered; (2) the failure to discover the evidence sooner

4

must not be the result of a lack of diligence on the defendant's part; (3) the evidence must be material to the issues at trial; (4) the evidence must be neither cumulative nor merely impeaching; and (5) the evidence must indicate that a new trial would probably result in acquittal.'" United States v. Harrington, 410 F.3d 598, 601 (9th Cir. 2005) (quoting United States v. Kulczyk, 931 F.2d 542, 548 (9th Cir.1991)). Lieng did not satisfy this test, so the district court did not abuse its discretion in denying Lieng's Rule 33 Motion for a new trial on the basis of newly discovered evidence.

**AFFIRMED**.