**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Tony SI, Defendant–Appellant.**

**No. 01–10112.**

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Oct. 7, 2002.

Filed June 24, 2003.

Katherine Alfieri, San Francisco, CA, for the defendant-appellant.

Amber S. Rosen, Assistant U.S. Attorney, San Jose, CA, for the plaintiff-appellee.

Before: D.W. NELSON, BEEZER, and WARDLAW, Circuit Judges.

## ORDER

Appellant Tony Si ("Si") was convicted of conspiring to rob a truck supposedly carrying between $800,000 to $1,000,000 worth of computer components. Si argues that he never planned to rob the truck, but that he merely planned on tricking the other organizers of the robbery out of their up-front investment in the crime. The robbery never occurred because the entire operation was a sting. The other main organizers of the robbery were an undercover police officer and a government informant.

A jury found Si guilty of (1) conspiracy to commit a robbery that affects interstate commerce in violation of the Hobbs Act, 18 U.S.C. § 1951(a); and (2) use of a firearm in furtherance of a crime of violence in violation of 18 U.S.C. § 924(c). Si was sentenced to a total of 138 months. Si appeals the judgment and sentence.

Si raises numerous challenges on direct appeal, including the argument that his statutory and constitutional rights to an interpreter were violated. We direct a partial REMAND of this appeal to the district court with instructions to conduct appropriate evidentiary proceedings and to make further findings.

## I

Tony Si argues that the district court deprived him of a fair trial under the Court Interpreters Act, 28 U.S.C. § 1827, and the Constitution, U.S. Const. amend. V and VI,[1] by not providing a court-appointed interpreter throughout his trial.

## A

In a judicial proceeding where a defendant lacks the ability to speak or understand English, an interpreter can be essential for ensuring a fair trial.[2] A defendant "deserve[s] more than to sit in total incomprehension as the trial proceed[s]. Particularly inappropriate in this nation where many languages are spoken is a callousness to the crippling language handicap of a newcomer to its shores . . . ." *United States ex rel. Negron v. New York,* 434 F.2d 386, 390 (2d Cir.1970).

Under the Court Interpreters Act, a trial judge must use an interpreter in the courtroom if that judge determines that a party "speaks only or primarily a language other than the English language . . . so as to inhibit such party's comprehension of the proceedings or communication with counsel or the presiding judicial officer." 28 U.S.C. § 1827(d)(1). Additionally, some circuits recognize a right to an interpreter when a defendant's inability to communicate in English interferes with the defendant's Sixth Amendment right to confrontation or the defendant's Fifth Amendment due process right or his right to testify on

---

**1.** Si specifically alleges that his Sixth Amendment right to confront witnesses and his Fifth Amendment right to due process and to testify on his own behalf were violated.

**2.** In 2002, over 100 languages were interpreted in over 174,00 federal court hearings and trials. 2002 Admin. Office of the U.S. Courts Ann. Rep. 23, *available at* http://www.uscourts.gov/library/dirrpt02/2002.pdf.

his own behalf. *See United States v. Lim*, 794 F.2d 469, 470 (9th Cir.1986) (citing cases).[3] Our circuit holds that a constitutional right to an interpreter exists in certain situations. *See United States v. Mayans*, 17 F.3d 1174, 1179–81 (9th Cir.1994) (holding that a defendant's Fifth Amendment rights were violated when an interpreter was withdrawn by the court); *see also United States v. Shin*, 953 F.2d 559, 561 (9th Cir.1992) ("As a constitutional matter, the appointment of interpreters is within the district court's discretion.").

The government argues that Si waived his rights to an interpreter. Before addressing whether Si waived his rights to an interpreter, we look to the record of the trial proceedings to determine whether Si is entitled to an interpreter, either statutorily or constitutionally. We cannot determine whether Si had a right to an interpreter at trial because the district court failed to make record findings assessing Si's ability to communicate in English.

## B

Tony Si argues that a court is required to make a finding on the record of a defendant's language ability. No such rule currently exists in this circuit, but we recognize that absent such a requirement, a defendant's need for an interpreter might be overlooked. Indeed, in this case, Si's need for an interpreter may have been overlooked.

■ We have carefully reviewed the trial record in this case.[4] The record is wholly devoid of any formal findings related to Si's ability to comprehend his trial. The record does not indicate that the district court even informally evaluated whether Si's language abilities would prevent him from understanding the proceedings or communicating with his lawyer or

3. The United States Supreme Court has not yet recognized a constitutional right to a court-appointed interpreter, but it has noted that the use of an interpreter is within the discretion of a trial court. *Perovich v. United States*, 205 U.S. 86, 91, 27 S.Ct. 456, 51 L.Ed. 722 (1907). The Supreme Court has also commented on language and the Constitution in other contexts. For example, the Supreme Court has stated that "the individual has certain fundamental rights which must be respected. The protection of the Constitution extends to all, to those who speak other languages as well as to those born with English on the tongue." *Meyer v. Nebraska*, 262 U.S. 390, 401, 43 S.Ct. 625, 67 L.Ed. 1042 (1923) (holding unconstitutional a state law which restricted the teaching of foreign languages); *see also Farrington v. Tokushige*, 273 U.S. 284, 298, 47 S.Ct. 406, 71 L.Ed. 646 (1927) (stating that the Constitution protects "those who speak another tongue").

4. From the record, it is very difficult to determine the extent to which any lack of interpreter's assistance affected Si's ability to understand the proceedings or communicate with counsel. There are indications that language difficulties did not inhibit Si's understanding of the trial: (1) while Si did not speak English fluently, he was conversant for the most part; (2) testimony at trial showed that Si conducted meetings in English with other members in the alleged conspiracy; (3) when Si demonstrated trouble comprehending certain questions, he asked for clarification from either counsel or the court and then proceeded to respond to the clarified questions; (4) in presenting testimony, Si's counsel told the jurors to raise their hands if they could not understand Si's testimony and there was only one instance in which a juror sought clarification; and (5) the jury understood Si's defense was that he was only trying to cheat the co-organizers of the crime out of their upfront money.

There are also indications, however, that Si had problems communicating in English: (1) Si used phrases like "a million thousand dollars;" (2) Si had difficulty understanding basic words such as "agriculture," "effect" and "flee;" (3) Si's testimony reflected grammar and syntax problems; (4) Si's testimony was sometimes unintelligible; and (5) Si indicated to the court that he did not understand his right to appeal after the district court attempted to explain to Si his right to appeal.

the judge. The record does show, however, that the district court was cognizant of Si's language problems. Substantial portions of the testimony and evidence were presented in languages other than English. The need for an interpreter was discussed with Si's attorney. Si's testimony was marked by imperfect English.

It is a "fruitless and frustrating exercise for the appellate court to have to infer language difficulty from every faltering, repetitious bit of testimony in the record." *United States v. Carrion,* 488 F.2d 12, 15 (1st Cir.1973). The determination whether a party needs an interpreter "is likely to hinge upon various factors, including the complexity of the issues and testimony presented during trial and the language ability of the defendant's counsel." *Id.* at 14.

■ This determination is one that should be made on the record by the district court whenever the court is put on notice that there is a potential language difficulty. *Id.* at 15 (holding that "whenever put on notice that there may be some significant language difficulty, the court should make such a determination of need [for an interpreter]"); *United States v. Osuna,* 189 F.3d 1289, 1292 (10th Cir.1999) (stating that the Court Interpreters Act places on the district court "a mandatory duty to inquire as to the need for an

interpreter when a defendant has difficulty with English") (quoting *Valladares v. United States,* 871 F.2d 1564, 1566 (11th Cir.1989) and citing *United States v. Tapia,* 631 F.2d 1207, 1209 (5th Cir.1980)); *Luna v. Black,* 772 F.2d 448, 451 (8th Cir.1985) (stating that a trial court should determine whether an interpreter is needed when put on notice that there may be some significant language difficulties); *United States v. Johnson,* 248 F.3d 655, 661 (7th Cir.2001) ("Once a district court is on notice, it has a duty to inquire as to whether the fact that the defendant speaks only or primarily a language other than English inhibits his or her ability to comprehend the proceedings and communicate with counsel.").

## II

■ The record indicates that an interpreter may have been present throughout the trial.[5] "To allow a defendant to remain silent throughout the trial and then … assert a claim of inadequate translation would be an open invitation to abuse." *Gonzalez v. United States,* 33 F.3d 1047, 1051 (9th Cir.1994) (quoting *Valladares,* 871 F.2d at 1566). If an interpreter was available throughout Si's trial, and Si waived his right to an interpreter by not taking advantage of the interpreter's services, the district court did not violate Si's

---

**5.** During the pretrial hearing, the district court asked if Si wanted an interpreter for trial. An interpreter had already been involved with the proceedings up to that point, but the district court was inquiring if Si would need another interpreter for himself at trial.

Si's attorney answered in the affirmative, but also said that Si would not need his own separate interpreter:

Yes, Your Honor. Mr. Si is not asking for his own interpreter at the trial. However, since there will be a Cantonese interpreter in the courtroom anyway he would like the opportunity if he doesn't understand some-

thing to be able to use—to ask that person what was said. I don't think that's going to happen very frequently.

The other thing is if Mr. Si testifies in the case, which I think he probably will, he would like to have the Cantonese interpreter available in case he doesn't understand a question or needs to explain it in his native language before. So that we'd like to have her available in the courtroom, but I don't think we'll make much use of them and we certainly aren't asking for our own and any use of the interpreter we'd be happy to share with the co-Defendant.

statutory or constitutional rights to an interpreter. *See Lim,* 794 F.2d at 472 (noting that because the proceedings never lacked an interpreter, there was no need for a waiver); *see also Shin,* 953 F.2d at 561 (acknowledging that the Court Interpreters Act does not require more than one interpreter per defendant and that the Act does not require each defendant in a multi-defendant proceeding to have his own interpreter). In determining whether an interpreter was available throughout Si's trial, it is important to consider issues such as Si's knowledge that the interpreter was present for his benefit and the amount of difficulty involved in taking advantage of the interpreter's services.

We remand the matter to the district court solely for the purpose of determining, within 30 days, (1) whether Si's language abilities inhibited his comprehension of the proceedings or his ability to communicate with counsel and the court, and if so, (2) whether Si waived his right to an interpreter by not taking advantage of any interpreter that may have been available during Si's trial.

We direct the district court to file with the clerk of this court, P.O. Box 193939, San Francisco, CA 94119–3939, its supplemental findings together with its conclusions of law, which we will consider when making the determination whether Si's right to an interpreter during trial proceedings was violated.

REMANDED.