**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 05-4934

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

JORGE ARMANDO AMADOR, a/k/a Rigoberto Amador,
a/k/a Carlos Aguillar, a/k/a Rodolfo Amador,
a/k/a Rigoberto Berrios Amador,

Defendant - Appellant.

Appeal from the United States District Court for the District of
Maryland, at Greenbelt.  Alexander Williams, Jr., District Judge.
(CR-05-176)

Submitted:  December 20, 2006        Decided:  January 19, 2007

Before MOTZ, KING, and DUNCAN, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Anne K. Albright, ALBRIGHT & RHODES, LLC, Rockville, Maryland, for
Appellant.  Rod J. Rosenstein, United States Attorney, James M.
Trusty, Assistant United States Attorney, Theodore Cooperstein,
Special Assistant United States Attorney, Greenbelt, Maryland, for
Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Jorge Armando Amador appeals his conviction of unlawful reentry after deportation for an aggravated felony in violation of 8 U.S.C. § 1326(a), (b)(2) (2000) pursuant to his guilty plea. After Amador pled guilty, but before sentencing, the Government charged him by separate indictment with participating in a racketeering conspiracy, in violation of 18 U.S.C. § 1962(d) (2000). At his sentencing hearing regarding the illegal reentry offense, at which he was represented by new counsel, Amador moved to withdraw his guilty plea. Amador alleged his former counsel incorrectly represented to the court that he was sufficiently fluent in English and that he did not know when he pled guilty that he would be indicted for a racketeering conspiracy. The district court denied the motion because Amador appeared to understand English and because he did not establish his plea was unfair or unjust.

Amador challenges the district court's denial of his motion to withdraw his guilty plea on the grounds that it was not knowingly or intelligently made because he was unaware that the Government would later indict him for conspiracy. We review a district court's denial of a motion to withdraw a guilty plea for abuse of discretion. United States v. Ubakanma, 215 F.3d 421, 424 (4th Cir. 2000). A defendant may withdraw a guilty plea prior to sentencing if he "can show a fair and just reason for requesting

the withdrawal." Fed. R. Crim. P. 11(d)(2)(B). Amador contends that he presented a fair and just reason to have an evidentiary hearing on the withdrawal of his guilty plea. We find that because Amador was not entitled to a hearing as a matter of right and did not establish that a fair and just reason existed to necessitate a hearing, the district court did not abuse its discretion in declining to hold a hearing on his motion to withdraw his guilty plea.

Turning to the substance of the denial of Amador's motion to withdraw his guilty plea, this court applies six factors in assessing whether to permit the withdrawal of a guilty plea:

> (1) whether the defendant has offered credible evidence that his plea was not knowing or otherwise involuntary; (2) whether the defendant has credibly asserted his legal innocence; (3) whether there has been a delay between entry of the plea and filing of the motion; (4) whether the defendant has had close assistance of counsel; (5) whether withdrawal will cause prejudice to the government; and (6) whether withdrawal will inconvenience the court and waste judicial resources.

United States v. Moore, 931 F.2d 245, 248 (4th Cir. 1991). With respect to the first Moore factor, Amador contends that because the Government withheld that it would soon indict him on racketeering charges, his plea was not intelligently made. We reject this contention because the impact of Amador's conviction on his racketeering case is not an immediate or automatic result of his guilty plea regarding the offense of illegal reentry after deportation. See United States v. McHan, 920 F.2d 244 (4th Cir.

- 3 -

1990).  We further find that the second and fourth <u>Moore</u> factors also weigh against Amador.  Amador has never claimed legal innocence, and he has had close assistance of counsel.  We conclude the remaining <u>Moore</u> factors are neutral.  Therefore, the district court did not abuse its discretion in denying Amador's motion to withdraw his guilty plea.  <u>See</u> <u>United States v. Sparks</u>, 67 F.3d 1145, 1154 (4th Cir. 1995) (stating that the first, second and fourth <u>Moore</u> factors "speak most straightforwardly to the question whether the movant has a fair and just reason to upset settled systemic expectations" by withdrawing a guilty plea).

Amador next challenges the denial of his motion to withdraw his plea on the grounds that the district court did not obtain his waiver of the right to an interpreter directly from him and did not employ an interpreter to explain the consequences of this waiver pursuant to the Court Interpreters Act of 1978.  Because Amador did not object to his sentencing hearing on this ground, this court reviews for plain error.  <u>See</u> Fed. R. Crim. P. 52(b); <u>United States v. Olano</u>, 507 U.S. 725, 731-32 (1993).  Four conditions must be met before this court will notice plain error: (1) there must be error, (2) it must be plain under current law, (3) it must affect substantial rights, and (4) the error must seriously affect the fairness, integrity, or public reputation of the judicial proceedings.  <u>Id.</u> at 733-37.

Pursuant to the Court Interpreters Act, 28 U.S.C. § 1827 (2000), the district court must utilize the services of an interpreter if the court "determines [on its own motion] or on the motion of a party that such party speaks only or primarily a language other than the English language" and will be "inhibited" in comprehending the proceedings, or communicating with counsel or the court. 28 U.S.C. § 1827(d)(1) (2000).

A Spanish interpreter was present at Amador's arraignment. At the outset of Amador's Fed. R. Crim. P. 11 colloquy, the district court asked Amador's counsel if his client needed an interpreter, and counsel replied that his client "speaks perfectly good English." Amador answered the initial colloquy questions--many of which did not require merely yes or no answers--correctly. The district court asked Amador about his competency in English. Amador stated he could understand spoken English and explained that his lawyer read his plea agreement aloud to him. The court then conducted the entire Rule 11 colloquy in English, and Amador responded appropriately in English to all of the district court's questions.

On appeal, Amador contends that the district court plainly erred when it directed the question as to whether he needed an interpreter to defense counsel, not to Amador himself. Amador did not request the presence of a translator at the guilty plea hearing, and the district court made an assessment on its own

motion that Amador understood the proceedings.  Further, Amador did not give the district court reason to believe that his understanding of the proceedings was hindered by his language abilities.  Accordingly, the district court did not plainly err in determining that Amador did not require an interpreter to understand the proceedings.

Accordingly, we affirm Amador's conviction.  We also deny the Government's motion to dismiss the appeal because Amador challenged his conviction, not his sentence, and therefore the issues in this appeal were beyond the scope of the appellate waiver included in Amador's plea agreement.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED