**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 10-30382 |
| Plaintiff - Appellee, | D.C. No. 1:09-cr-00102-BLW-4 |
| v. | |
| ROBERTO RUIZ-MARIN, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the District of Idaho
John C. Coughenour, District Judge, Presiding

Argued and Submitted May 8, 2012
Seattle, Washington

Before: HAWKINS, BYBEE, and BEA, Circuit Judges.

Roberto Ruiz-Marin ("Ruiz") appeals from his criminal conviction and

sentence following a jury trial. The jury found Ruiz guilty of the following:

conspiracy to distribute 500 grams or more of methamphetamine and less than 500

grams of cocaine (Count One); distributing fifty grams or more of

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

methamphetamine on November 18, 2008 (Count Four); distributing fifty grams or more of methamphetamine on January 22, 2009 (Count Six); and distributing methamphetamine and cocaine on February 24, 2009 (Count Seven).[1]  *See* 21 U.S.C. §§ 841(a)(1), 846, and 853.  He was sentenced to 151 months for each of counts 1, 4, 6, and 7, with each sentence to run concurrently, followed by five years supervisory release, and a fine of $400.

Because Ruiz failed to object to the recommended sentence in the Pre-Sentence Report, which calculated the advisory Guidelines Range based on the jury's verdict, we review for plain error the district court's imposition of sentence for Count 1 based on the jury's finding that Ruiz conspired to distribute 500 grams or more of methamphetamine, rather than less than 500 grams.  *United States v. Booker*, 543 U.S. 220, 268 (2005).

Where a jury verdict exposes a defendant charged in a drug conspiracy to a higher statutory maximum sentence based on drug quantity, the jury must find beyond a reasonable doubt "the quantity of drugs the [defendant] 'reasonably foresaw or which fell within 'the scope' of his particular agreement with the

---

[1]  The jury acquitted Ruiz of conspiracy to distribute marijuana (Count One) and of distributing fifty grams or more of methamphetamine on December 11, 2008 (Count Five).

conspirators.'" *United States v. Banuelos*, 322 F.3d 700, 702 (9th Cir. 2003) (quoting *United States v. Petty*, 992 F.2d 887, 890 (9th Cir. 1993)).

We must determine "whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found [that Ruiz conspired to distribute 500 or more grams of methamphetamine] beyond a reasonable doubt." *Jackson v. Virginia*, 443 U.S. 307, 319 (1979) (emphasis omitted). Here, the facts support the jury's finding that Ruiz participated in a conspiracy to distribute a total of 500 grams or more of methamphetamine. When the leader of the conpiracy, Juan Manuel Zazueta-Quintero, was arrested on May 13, 2009, he said that Ruiz was waiting in his house in Ontario, Oregon in order to "fix" the drugs and then go sell them. Earlier, Zazueta also testified that Ruiz regularly met at Zazueta's residence to help prepare the methamphetamine for sale, that Ruiz would then drive Cruz to the deals, and that Ruiz would receive a share of the money after the sale. This evidence, together with the undisputed evidence that Ruiz participated in three other sales, supports that jury's finding that Ruiz conspired to distribute 500 grams or more of methamphetamine.

The district court correctly instructed the jury on how to determine the drug quantity using Ninth Circuit Model Criminal Jury Instruction 9.16. The jury verdict required the jury to determine whether Ruiz himself conspired to distribute

500 grams or more. It did not ask the jury to determine the amount involved in the overall conspiracy. Thus, the verdict form ensured that the jury's finding would satisfy the requirement that the quantity of methamphetamine was within the scope of Ruiz's agreement with his co-conspirators.

The district court did not commit plain error in not *sua sponte* giving Ruiz a reduction for playing a minor role in the conspiracy. Ruiz not only drove Cruz and other co-defendants to the sales, but the evidence shows that Ruiz helped prepare and package the methamphetamine prior to the sales, kept the methamphetamine on his person at least once, decided they should move the location of one sale to avoid detection, and participated in the proceeds of the sales.

Further, the district court did not abuse its discretion in refusing Ruiz's request for a Spanish interpreter at sentencing. A district court does not violate a defendant's statutory or constitutional rights to an interpreter where a defendant "waive[s] his right to an interpreter by not taking advantage of the interpreter's services." *United States v. Si*, 333 F.3d 1041, 1044–45 (9th Cir. 2003). Ruiz waived his right to an interpreter at the six earlier proceedings before the court—including the jury trial at which Ruiz testified without an interpreter.

**AFFIRMED.**

4