[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 11-12665
Non-Argument Calendar
_____

D.C. Docket No. 1:08-cr-20163-DMM-1


UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JOEL MAYTIN-CABALLERO,

Defendant-Appellant.


_____

No. 11-12666
Non-Argument Calendar
_____

D.C. Docket No.  1:08-cr-20855-DMM-1


UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JOEL MAYTIN-CABALLERO,

Defendant-Appellant.

_____

Appeals from the United States District Court
for the Southern District of Florida
_____

(August 13, 2013)

Before CARNES, Chief Judge, BARKETT, and FAY, Circuit Judges.

PER CURIAM:

Joel Maytin-Caballero pled guilty to 4 charges at a consolidated change-of-plea hearing, based on an original indictment charging him with (1) manufacture and possession with intent to distribute 100 or more marijuana plants, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(B), and 18 U.S.C. § 2; (2) use and maintenance of a place for the purpose of manufacturing and distributing marijuana, in violation of 21 U.S.C. § 856(a)(1) and 18 U.S.C. § 2; and (3) possession of a firearm in furtherance of a drug-trafficking crime, in violation of 18 U.S.C. § 924(c)(1)(A)(i); and a separate indictment charging him with (4) failing to appear for trial in relation to Count 3 of the original indictment, in violation of 18 U.S.C.§ 3146(a)(1) and (b)(1)(A)(i).  On appeal, Maytin-Caballero argues that the transcript of the change-of-plea hearing did not establish that a

2

Spanish language interpreter was present, and, therefore, it is not clear that his guilty pleas were voluntary.

Following the filing of his merits brief in this Court, the government filed a Fed.R.App.P. 10(e) motion to supplement the record with the district court, requesting that the court confirm that a Spanish language interpreter was present at Maytin-Caballero's change-of-plea hearing. The district court granted the government's motion, finding that it was "clear that a Spanish interpreter was present at the defendant's plea hearing," and that an interpreter was present at every hearing where Maytin-Caballero was present in court. It noted that, although the transcript of the hearing did not reflect that an interpreter was present, the docket and the clerk's minute entry form did, and the government since had confirmed with the Interpreter's Office for the Southern District of Florida that an interpreter was assigned to the hearing. The government then filed a "Motion for Summary Affirmance and to Stay Briefing Schedule" with this Court, arguing that there is "no dispute" that Maytin-Caballero had a Spanish interpreter at his change-of-plea hearing, as the district court confirmed this fact. Maytin-Caballero has not responded to this motion.

After consideration of the parties' filings on appeal and review of the record, we grant the motion for summary affirmance and dismiss as moot the motion to stay the briefing schedule.

3

Summary disposition is appropriate either where time is of the essence, such as "situations where important public policy issues are involved or those where rights delayed are rights denied," or where "the position of one of the parties is clearly right as a matter of law so that there can be no substantial question as to the outcome of the case, or where, as is more frequently the case, the appeal is frivolous." *Groendyke Transp., Inc. v. Davis*, 406 F.2d 1158, 1162 (5th Cir. 1969); *see United States v. Martinez*, 407 F.3d 1170, 1173-74 (11th Cir. 2005) (construing the defendant's "unconventional" motion as a motion for summary reversal, granting the motion, vacating the defendant's sentence, and remanding the case for resentencing where the district court had committed plain error by treating the Sentencing Guidelines as mandatory).

"The appointment of an interpreter, both under the Court Interpreters Act[, 28 U.S.C. § 1827,] and as a constitutional matter, is committed to the sound discretion of the trial judge." *United States v. Edouard*, 485 F.3d 1324, 1337 (11th Cir. 2007). We review a district court's determination as to the use of an interpreter for an abuse of discretion, to determine whether the failure to provide an interpreter made the proceeding fundamentally unfair. *Id*. Because Maytin-Caballero did not raise this issue before the district court, however, we review only for plain error. *United States v. Raad*, 406 F.3d 1322, 1323 (11th Cir. 2005).

4

Federal Rule of Appellate Procedure 10(e) provides that:

(1) If any difference arises about whether the record truly discloses what occurred in the district court, the difference must be submitted to and settled by that court and the record conformed accordingly.

(2) If anything material to either party is omitted from or misstated in the record by error or accident, the omission or misstatement may be corrected and a supplemental record may be certified and forwarded:

    (A) on stipulation of the parties;
    (B) by the district court before or after the record has been forwarded; or
    (C) by the court of appeals.

(3) All other questions as to the form and content of the record must be presented to the court of appeals.

Fed.R.App.P. 10(e).

There was no plain error in the lack of a Spanish language interpreter at Maytin-Caballero's change-of-plea hearing because the record is clear that there was, in fact, a Spanish language interpreter at the hearing. Specifically, (1) the district court confirmed upon the government's Rule 10(e) motion that there was an interpreter at the hearing; (2) the minute entries for the hearing, which were signed by Maytin-Caballero and his counsel, reflect that the hearing was conducted in Spanish; (3) the docket entries indicate that a Spanish language interpreter was present; and (4) the Supervisory Interpreter for the Interpreter's Office for the Southern District of Florida submitted a signed declaration that a Spanish language interpreter was assigned to the hearing.

We **AFFIRM** Maytin-Caballero's convictions and sentences, and we

**DISMISS** as moot the motion to stay the briefing schedule.