CALLAHAN, Circuit Judge,
dissenting:
I agree with the majority that interpreters play an important role in our criminal justice system. But the majority’s opinion does not safeguard defendants, it punishes inarticulate district courts and rewards “gotcha” tactics. Murguia-Rodriguez was convicted of drug trafficking after a jury rejected his story that he “did not know” anything about the 130 pounds of marijuana in his truck as he was crossing the United States-Mexico border. After his full trial on the merits with an interpreter, Murguia-Rodriguez, a bilingual defendant, requested to proceed in English at his sentencing hearing. The district court granted his request and excused the interpreter. The court then listened to arguments from Murguia-Rodriguez’s counsel, heard from Murguia-Rodriguez himself, and sentenced him to a middle-of-the-guidelines sentence.
Armed with new counsel on appeal, Murguia-Rodriguez claims that the district court erred by not explaining the nature and effect of his waiver of an interpreter prior to dismissing the interpreter. But while the district court may have erred, Murguia-Rodriguez failed to object to any error at his sentencing and on appeal he fails to show prejudice. Our Supreme Court and Ninth Circuit precedent informs us that the correct standard of review is plain error review, and the record demonstrates that any error was not prejudicial under any standard. The majority sets the wrong standard of review, flouting relevant Supreme Court and Ninth Circuit precedent. They also ignore Murguia-Rodriguez’s concessions on appeal and engage in improper appellate fact-finding. The majority thus absolves Murguia-Rod-riguez of his burden to show prejudice and grants relief that he doesn’t seek. I respectfully dissent.
*576 I. Background
Alberto Murguia-Rodriguez was born in Mexico but relocated to the United States when he was a young child. He has lived in Arizona, Wisconsin, California, and Nevada. He attended high school through at least, the 11th grade in Tucson, Arizona, where he played football. He has been married and has several children. He has worked at a carwash, construction companies, and restaurants. He has owned cars and has credit accounts. He has four adult siblings who also live in the United States. Unsurprisingly, he is bilingual and literate in both Spanish and English.
In 2014, Murguia-Rodriguez was caught at the Arizona-Mexico border in a truck that had over 130 pounds of marijuana in the back of its extended cab as well as ammunition in the center console and driver’s side door. He was indicted for possession with intent to distribute marijuana and being a felon in possession of ammunition. Murguia-Rodriguez stipulated to the marijuana’s presence in the truck, but he denied having known about the marijuana or having ever seen it.[1]
A short jury trial was conducted which lasted less than two days, including voir dire, opening and closing arguments, four witnesses’ testimony, jury instructions, and jury deliberations. The jury convicted Murguia-Rodriguez of possession with intent to distribute, but acquitted him of the felon in possession of ammunition charge.
Although Murguia-Rodriguez used interpreter services at trial, at his sentencing hearing he requested to proceed in English:
MR. BOURS: Good morning, your Hon- or. Ricardo Bours on behalf of Adalber-to Murguia-Rodriguez.
THE COÚRT: Good morning. And Mr. Murguia-Rodriguez, just before the case was called the interpreter indicated that you had indicated you prefer to proceed in the English language this morning. Is that correct, sir?
THE DEFENDANT: Correct, ma’am. THE COURT: All right, so you’re comfortable conducting these proceedings in English today?
THE DEFENDANT: Oh, yes, I am, your Honor.
THE COURT: Do you want the interpreter to remain in case you have any difficulties, or is it okay with you if she leaves the courtroom?
THE DEFENDANT: She can stay.
THE COURT: But do you need her— she has other duties. Do you need her to stay, or do you feel comfortable proceeding in English?
THE DEFENDANT: I feel comfortable proceeding in English.
THE COURT: All right. Then thank you, Ms. Garcia. You may be excused. And Mr. Bours, if you want to come on up with your client, and we’ll proceed with sentencing.
Thus, at the outset of the sentencing, Murguia-Rodriguez, without any prompting from the court, affirmatively requested to proceed in English. The district court confirmed his request on the record, asked if Murguia-Rodriguez was comfortable proceeding in English, and Murguia-Rod-riguez answered in English that he preferred and was comfortable proceeding in English.[2]
*577 Additionally, Murguia-Rodriguez’s counsel acceded to his client’s request to proceed in English and to the district court’s excusing the interpreter. Counsel then argued several cogent points in favor of mitigation during sentencing. Murguia-Rodriguez allocuted in English at the sentencing, expressed regret for his actions, expressed concern for his family, and promised to rehabilitate. At no time during the hearing did counsel or Murguia-Rodriguez express any concern that Murg-uia-Rodriguez could not understand the nature of the proceedings or communicate. The district court sentenced Murguia-Rodriguez to 55 months of imprisonment, reflecting a sentence in the middle of the guideline range. The sentencing hearing lasted 27 minutes.
II. Legal Standard
In judicial proceedings instituted by the United States, the services of an interpreter shall be used “if the presiding judicial officer determines ... that such party ... speaks only or primarily a language other than the English language ... so as to inhibit such party’s comprehension of the proceedings or communication with counsel or the presiding judicial officer....” 28 U.S.C. 1827(d)(1). A defendant may waive an interpreter but “[sjuch a waiver shall be effective only if approved by the presiding judicial officer and made expressly by such individual on the record after opportunity to consult with counsel and after the presiding judicial officer has explained to such individual, utilizing the services of the most available certified interpreter ... the nature and effect of the waiver.” 28 U.S.C. § 1827(f)(1).
A. Plain Error Review Applies
Because Murguia-Rodriguez failed to raise any issue with the Court Interpreters Act before the district court, we review for plain error. See United States v. Mayans, 17 F.3d 1174, 1180 n. 4 (9th Cir.1994); see also United States v. Jimenez, 258 F.3d 1120, 1124 (9th Cir.2001) (reviewing defendant’s claims for plain error when an “inadvertent forfeiture of [defendant’s] right to object occurred”).[3] “Such review permits us to notice and correct a district court’s deviation from a legal rule only if three conditions are met”: (1) there is error; (2) the error is plain or obvious; and (3) the error affected the defendant’s substantial rights (i.e., the error must be prejudicial). Jimenez, 258 F.3d at 1124 *578 (citing United States v. Olano, 507 U.S. 725, 734, 113 S.Ct. 1770, 123 L.Ed.2d 508 (1993)). “Should all three conditions be met, we have discretion to reverse the district court if the error ‘seriously affects the fairness, integrity or public reputation of judicial proceedings.’ ” Id. (quoting Olano, 507 U.S. at 736, 113 S.Ct. 1770). “The defendant bears the burden of showing that the forfeited error was prejudicial.” Id. at 1126.
Plain error review applies because, as the majority admits, the provision that Murguia-Rodriguez asserts that the district court violated was procedural in nature. Maj. Op. 572 (“[T]he [district] judge clearly erred in failing to comply with the procedural requirements of 28 U.S.C. § 1827(f)(1).”). The Supreme Court has held in a similar context that a defendant is required to object to a district court’s failure to provide procedural admonishments. United States v. Vonn, 535 U.S. 55, 73, 122 S.Ct. 1043, 152 L.Ed.2d 90 (2002). In Vonn, the Court held that a defendant who seeks to change his plea to guilty must object to any deficiencies in the district court’s advisements provided pursuant to Federal Rule of Criminal Procedure 11 at the time they are given. Id. Moreover, we have held, en banc, that we are bound by Vonn, and have applied plain error review where a defendant did not object to a district court’s failure to provide sufficient advisements in a proceeding to establish prior convictions under 21 U.S.C. § 851(b). United States v. Severino, 316 F.3d 939, 947 n. 7 (9th Cir.2003) (en banc).
The majority contravenes both Supreme Court law and our en banc decision by not applying plain error review. Worse yet, the majority appears to hold that any violation of the waiver provisions of the Court Interpreters Act is per se reversible error. Such a broad holding, however, has no support in the text of the Act or the case law interpreting it. To the contrary, Congress has directed federal courts reviewing criminal convictions to “give judgment after an examination of the record without regard to errors or defects which do not affect the substantial rights of the parties.” 28 U.S.C. § 2111. This rule, as well as the Federal Rules of Criminal Procedure, requires that we disregard errors that are not prejudicial. See Neder v. United States, 527 U.S. 1, 7-8, 119 S.Ct. 1827, 144 L.Ed.2d 35 (1999); Fed.R.Crim.P. 52(a)-(b). By ignoring the applicable legal standard, the majority vacates Murguia-Rodri-guez’s sentence without addressing his failure to argue that any error prejudiced him and his failure to meet his burden on appeal.
Moreover, this is the precise situation to which plain error review should apply. The Supreme Court in Vonn explained:
[A] defendant could choose to say nothing about a judge’s plain lapse under Rule 11 until the moment of taking a direct appeal, at which time the burden would always fall on the Government to prove harmlessness. A defendant could simply relax and wait to see if the sentence later struck him as satisfactory; if not, his Rule 11 silence would have left him with clear but uncorrected Rule 11 error to place on the Government’s shoulders.... [T]he value of finality requires defense counsel to be on his toes, not just the judge, and the defendant who just sits there when a mistake can be fixed cannot just sit there when he speaks up later on.
Vonn, 535 U.S. at 73, 122 S.Ct. 1043.
The Supreme Court’s cautionary tale is exactly what Murguia-Rodriguez did here. Murguia-Rodriguez did not preserve the error below, or in any way suggest that the district court somehow violated the Court Interpreters Act. As discussed, *579 Murguia-Rodriguez affirmatively asked to proceed in English, and he was represented by competent counsel at sentencing who never objected to his request to proceed in English or when the interpreter left. Instead, Murguia waited to raise his argument that the district court failed to comply with the waiver provisions of the Court Interpreters Act until after he received his sentence and was armed with new counsel. The Supreme Court and our court have rejected such “gotcha” tactics. See id.; see also Gonzalez v. United States, 33 F.3d 1047 (9th Cir.1994) (“To allow a defendant to remain silent throughout the trial and then ... assert a claim of inadequate translation would be an open invitation to abuse.” (citation omitted)).
B. A Party’s Concession on the Standard of Review Does not Bind the Court
The majority contends that the government waived its right to rely on plain error review by failing to raise the plain error doctrine in its brief, citing United States v. Kortgaard, 425 F.3d 602, 610 (9th Cir. 2005).[4] This would be a fair point, except that “[a] party’s concession on the standard of review does not bind the court,” United States v. Bain, 586 F.3d 634, 639 n. 4 (8th Cir.2009); see also United States v. Macias, 789 F.3d 1011, 1017, n. 3 (9th Cir.2015) (“Which standard of review to apply is a pure issue of law, and, exercising our discretion, we apply the plain error standard of review notwithstanding the government’s failure to argue that it should apply.” (citation omitted)), cert. petition filed; Vizcaino v. Microsoft Corp., 120 F.3d 1006, 1022 n. 4 (9th Cir.1997) (en banc) (O’Scannlain, J., concurring in part, dissenting in part) (“[A] party cannot, by waiver or estoppel, change the applicable standard of review.”); United States v. Ameline, 409 F.3d 1073, 1111 (9th Cir.2005) (en banc) (Bea, J., concurring in part and dissenting in part) (“[W]e must not abdicate our responsibility as the reviewing court to determine whether plain error has occurred.”); United States v. Williams, 641 F.3d 758, 763-64 (6th Cir.2011) (Thapar, D.J., concurring) (“plain error review ought to be unwaivable”). For example, no appellate court would apply an abuse of discretion standard of review to evaluate whether a district court properly granted summary judgment, regardless of whether a party argued that abuse of discretion should apply. Similarly, the majority errs when it refuses to apply plain error review notwithstanding the government’s ostensible failure and Murguia- *580 Rodriguez’s failure to argue that plain error review should apply.[5]
III. The District Court Never Determined Whether Murguia-Rodri-guez’s English Skills Limited His Ability to Communicate in or Understand His Sentencing Proceedings, as He Concedes
Regardless of what standard of review applies, it is not clear that the district court erred in excusing the interpreter at Murguia-Rodriguez’s sentencing hearing. Under the Court Interpreters Act, if Murguia-Rodriguez was not entitled to an interpreter at his sentencing proceedings, then no error existed when the district court at sentencing relieved the interpreter after he requested to proceed in English. See, e.g., United States v. Si, 333 F.3d 1041, 1045 (9th Cir.2003); United States v. Lim, 794 F.2d 469, 470 (9th Cir.1986). Here, there was no finding that Murguia-Rodriguez’s English language skills “inhibit[ed] [his] comprehension of the proceedings or communication with counsel or the presiding judicial officer.” See 28 U.S.C. § 1827(d)(1). He admits the district court was never asked to determine and never determined whether he needed an interpreter. Indeed, on appeal Murguia-Rodriguez seeks only a “remand [of] the case to the district court with instructions that it determine whether Mr. Murguia-Rodriguez’s language abilities inhibited his comprehension of, or ability to express himself clearly in, the sentencing hearing — and if so, that it conduct a de novo sentencing hearing at which an interpreter will be available to assist him.” The majority ignores this concession.
Instead, the majority insists that the district court had already determined that Murguia-Rodriguez was entitled to an interpreter because a docket entry from his first appearance noted that an interpreter was “required.” Maj. Op. 570-71. The majority thus concludes that the only way the district court could excuse an interpreter at the sentencing was if it fully complied with the waiver provision in 28 U.S.C. § 1827(f)(1). But the single reference in a docket entry that an interpreter is “required” is not a sufficient factual finding as to whether Murguia-Rodriguez’s English language skills inhibited his comprehension of the proceedings or communication with counsel or the judge.[6] The transcript reveals no evidence that the district court assessed Murguia-Rodriguez’s English language or comprehension skills, let alone determined that they inhibited his ability to understand the proceedings or communicate. Dist. Ct. EOF No. 58.
Although the court used an interpreter at Murguia-Rodriguez’s first appearance, district courts are advised to appoint an *581 interpreter out of an abundance of caution if a defendant’s English language skills are in doubt. See, e.g., Federal Judicial Center, Benchbook for U.S. District Court Judges 1 (6th ed. 2013) (“If you have any doubts about the defendant’s ability to speak and understand English, consider appointing a certified interpreter in accordance with 28 U.S.C. § 1827.”); id. at 27 (“If the defendant has an attorney, ask counsel if he or she has been able to communicate with the defendant. If you doubt the defendant’s capacity to understand English, use a certified interpreter.”).
In fact, at Murguia-Rodriguez’s next appearance, his detention and preliminary hearing, his attorney represented that he was “English speaking.” Dist. Ct. ECF No. 59 at 2 (“Ricardo Bours, Your Honor, for Adalberto Murguia-Rodriguez, present, in custody, English speaking.”).[7] Moreover, after his trial, the U.S. Probation Department interviewed Murguia-Rodriguez and described him as “bilingual and literate in both Spanish and English” in his pre-sentence report. There is no indication that Murguia-Rodriguez objected to the description of himself as bilingual, and the district court adopted the facts in the pre-sentence report as true.
Murguia-Rodriguez’s testimony at trial that he understood 60% of English and spoke 60 to 70% of English is not conclusive that his language abilities impeded his ability to communicate or understand his sentencing proceedings. At most, the potential conflict between Murguia-Rodri-guez’s trial testimony, his attorney’s representation that he spoke English, and the Probation Department’s conclusion that he was bilingual, underscores the need for the district court to make an express factual finding under the Court Interpreters Act as to whether his English language skills inhibited his ability to understand or communicate at his sentencing proceeding.
Because the district court never determined whether Murguia-Rodriguez’s English was limited and because Murguia-Rodriguez concedes that the district court never made such a finding, I dissent from the majority’s sua sponte appellate fact-finding. If there are questions regarding Murguia-Rodriguez’s language skills, the proper remedy is a remand to the district court for fact-finding, not a vacatur of his sentence.[8] See Si, 333 F.3d at 1045 (9th Cir.2003) (“remand[ing] the matter to the district court solely for the purpose of determining ... whether Si’s language abilities inhibited his comprehension of the proceedings or his ability to communicate with counsel and the court”); Lim, 794 F.2d at 470 (remanding to district court “for further findings and appropriate further evidentiary proceedings” where “it was very difficult to determine whether any lack of interpreter’s assistance affected the ability of any of the defendants to understand the proceedings or communicate with counsel”); cf. Gonzalez v. United States, 33 F.3d 1047, 1050 (9th Cir.1994) *582 (no remand necessary because “the district court judge here specifically determined that Gonzalez’s language difficulties did not constitute a ‘major’ problem”). The majority grants relief that Murguia-Rodri-guez has not even sought.
IV. Even Assuming That The District Court Plainly Erred, Murguia-Rod-riguez Has Not Met His Burden of Demonstrating Prejudice
Even ignoring Murguia-Rodriguez’s concession on appeal, remand would not be required. Murguia-Rodriguez has not met his burden of demonstrating any prejudice. See Olano, 507 U.S. at 734, 113 S.Ct. 1770. As noted previously, because Murguia-Rodriguez failed to raise any issue with the Court Interpreters Act before the district court, he bears the burden to show that any error affected his substantial rights (i.e., the error must be prejudicial). See Mayans, 17 F.3d at 1180 n. 4; Jimenez, 258 F.3d at 1124 (citing Olano, 507 U.S. at 734, 113 S.Ct. 1770). But he does not argue that if the district court had explained the “nature and effect” of waiving an interpreter he would have insisted that the interpreter remain. See 28 U.S.C. § 1827(f)(1). Nor does Murguia-Rodriguez assert that if an interpreter had remained that his sentencing would have changed in any way. Murguia-Rodriguez allocuted in English at the sentencing, expressed regret for his actions, expressed concern for his family, and promised to rehabilitate. He does not claim that he was unable to understand the proceedings, or proffer any additional information that he would have been able to express if an interpreter had remained.
Although the government only belatedly argues that any error was harmless, this does not excuse Murguia-Rodriguez from his burden to establish prejudice. As the Supreme Court stated in Olano:
In sum, [defendants] have not met their burden of showing prejudice under [plain error review of] Rule 52(b). Whether the Government could have met its burden of showing.the absence of prejudice, under [harmless error review of] Rule 52(a), if [defendants] had not forfeited their claim of error, is not at issue here. This is a plain-error case, and it is [defendants] who must persuade the appellate court that the deviation ... was prejudicial.
507 U.S. at 741, 113 S.Ct. 1770. Here, Murguia-Rodriguez has not even attempted to meet his burden of demonstrating prejudice.
In any event, we have discretion to overlook a failüre to argue harmlessness when “the harmlessness of any error is clear beyond serious debate and further proceedings are certain to replicate the original result.” United States v. Gonzalez-Flores, 418 F.3d 1093, 1100 (9th Cir.2005). Applying the factors in Gonzalez-Flores, any error here was harmless. First, the record is not lengthy or complex. The majority’s sua sponte discovery and citation of the docket entry regarding a “required” interpreter emphasizes this point. Second, as previously discussed, the harmlessness of the district court’s failure to explain the nature and effect of Murguia-Rodriguez’s waiver is beyond doubt as he sought to proceed in English and even he does not contend that he was unable to communicate in or understand his sentencing proceedings. Thus, ordering new sentencing proceedings requires “ultimately futile proceedings in the district court.” See id.
“[T]he value of finality requires defense counsel to be on his toes, not just the judge, and the defendant who just sits there when a mistake can be fixed cannot just sit there when he speaks up later on.” Vonn, 535 U.S. at 73, 122 S.Ct. 1043. The district court may have erred by not ex *583 plaining the nature and effect of waiving an interpreter prior to dismissing the interpreter at Murguia-Rodriguez’s sentencing. But Murguia-Rodriguez failed to object at his sentencing and fails to show any prejudice. Our Supreme Court and Ninth Circuit precedent informs us that the correct standard of review is plain error review, and the record demonstrates that any error was not prejudicial by any measurement.
District courts are already overwhelmed with the need for interpreters. The District Court of Arizona alone conducts over 56,000 proceedings per year with the assistance of a Spanish interpreter.[9] The majority’s approach will waste judicial resources and encourage mischief and manipulation in the district courts, likely without benefit to either Murguia-Rodri-guez or future defendants. It may impede bilingual and multi-lingual defendants from proceeding in English at sentencing hearings, even if that is their preference.' District courts may insist that defendants use interpreters or that interpreters remain present even though they are not needed or wanted for fear that a hyper-technical violation of the Court Interpreters Act will result in an automatic reversal of a lawfully imposed sentence. Worse yet, the majority’s approach may encourage defendants to allow the informal dismissal of an interpreter, thereby assuring an issue on appeal, exactly the scenario proscribed by the Supreme Court in Vonn. Accordingly, I dissent.[10]

. We hold that Murguia-Rodriguez entered into this stipulation knowingly and voluntarily in a concurrently filed memorandum disposition. ’

. While the majority suggests that Murguia-Rodriguez's statement that the interpreter "can stay” meant that he wanted the interpreter to remain present, it seems more likely *577 that he meant that the interpreter could stay if she wanted to.

. Other circuits have applied plain error review to alleged violations of the Court Interpreters Act. See, e.g., United States v. Batista, 684 F.3d 333, 341 (2d Cir.2012) ("Even if the argument were not waived, we would find that the District Court did not plainly err.”); United States v. Gonzales, 339 F.3d 725, 728 (8th Cir.2003) ("Because Gonzales failed to raise this issue before the district court, we review for plain error.”); United States v. Osuna, 189 F.3d 1289, 1292 (10th Cir.1999) (applying plain error review to purported violation of Court Interpreters Act when “Osuna did not raise the issue to the trial court”); see also United States v. Maytin-Caballero, 532 Fed.Appx. 875, 877 (11th Cir.2013) (per cu-riam) (unpublished) (applying plain error review to purported violation of Court Interpreters Act "[bjecause Maytin-Caballero did not raise this issue before the district court”); United States v. Amador, 214 Fed.Appx. 303, 305 (4th Cir.2007) (unpublished) (applying plain error review where appellant did not object to his sentencing hearing on the ground that "the district court did not obtain his waiver of the right to an interpreter directly from him and did not employ an interpreter to explain the consequences of this waiver pursuant to the Court Interpreters Act”); United States v. Garcia-Perez, 190 Fed.Appx. 461, 470 (6th Cir.2006) (unpublished) ("Because Defendant did not object to the interpreter he received before the district court, this Court reviews the appointment of the interpreter for plain error.”).

. Kortgaard is very different case in a very different context. At issue in Kortgaard was whether the district court had violated the Sixth Amendment in sentencing the defendant, specifically by granting an upward departure on the ground that the guideline range calculation inadequately represented the seriousness of the defendant’s criminal history. 425 F.3d at 610. The Ninth Circuit held that because the district court sentenced the defendant under the then-mandatory sentencing regime, any sentence greater than the maximum of the guideline range had to be based on facts admitted by the defendant or found by a jury beyond a reasonable doubt. Id. at 608-10. Because the district court found facts to support the upward departure, the panel held that the departure violated the Sixth Amendment. Id. at 611. Even though it appeared that Kortgaard had not preserved the Sixth Amendment error below, the Ninth Circuit considered whether the departure violated the Sixth Amendment anyway, declining to apply plain error review. Id. at 610. During Kortgaard’s appeal, the Supreme Court issued the watershed cases Blakely v. Washington, 542 U.S. 296, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004), and United States v. Booker, 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005), revolutionizing criminal sentencing jurisprudence. Thus, the Ninth Circuit's decision to overlook the defendant's failure to object to his sentence in Kortgaard has little bearing on this case.

. The majority also admits that this "waiver of waiver” doctrine is a discretionary one. Maj. Op. 574 n.9; see also Ruiz v. Affinity Logistics Corp., 667 F.3d 1318, 1322 (9th Cir.2012). I would exercise discretion to confront this issue of pure law: what standard of review to apply when a district court fails to articulate the nature and effect of a waiver prior to excusing a court interpreter. The parties’ confusion as to the correct standard of law favors our consideration of this issue. Both parties, relying on our circuit’s case law, cited the "clear error” standard. But those cited cases addressed whether the district court had appropriately determined whether an interpreter was required, not whether the district court complied with the waiver provisions in 28 U.S.C. § 1827(f).

. Busy district courts will likely be surprised to learn that a mere court clerk docket entry that an interpreter was "required” at a criminal defendant’s first appearance is sufficient in itself to allow the Ninth Circuit to hold that defendant’s English language skills inhibited his comprehension of and ability to communicate in sentencing proceedings under 28 U.S.C. § 1827.

. Mr. Bours represented Murguia-Rodriguez in his pretrial matters, during trial, and at sentencing, but he is not Murguia-Rodri-guez’s attorney on appeal.

. The majority objects that the district court appeared to present Murguia-Rodriguez with a choice to either (1) proceed in English without the interpreter or (2) proceed in Spanish with an interpreter. Maj. Op. 572. The majority would require that the district court explicitly state that Murguia-Rodriguez had a third option: proceed in English with the interpreter present in case he needed something translated. There is no such requirement in the Court Interpreters Act. Moreover, nothing prohibited Murguia-Rodriguez or his counsel from requesting' that the interpreter stay for that precise reason, or requesting that the interpreter return to the sentencing proceeding after it had begun.

. See Interpreter Usage by District Courts, 2014, United States Courts for the Ninth Circuit, 2014 Annual Report at 77, http://www.ee 9.uscourts.gov/publications/AnnualReport 2014.pdf.

. As I find no error and no prejudice by the district court with respect to the Court Interpreters Act, I would reach Murguia-Rodri-guez’s other appellate challenges to his sentence," which I find to be without merit. I would affirm the district court in all respects.